J-S41027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :   IN THE SUPERIOR COURT OF
                :            PENNSYLVANIA
                :
         v.             :
                :
                :
IRA A. JOHNSON             :
                :
        Appellant    :   No. 1226 EDA 2024

Appeal from the PCRA Order Entered March 22, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0410491-2000

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:           **FILED JANUARY 28, 2025**

Appellant, Ira A. Johnson, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

This Court has previously set forth the relevant facts and procedural history of this case as follows:

> [Appellant] was convicted in the shooting death of Stepfon Copper, inside the deceased's apartment at 917 North 16th Street, Philadelphia on February 18, 2000.
>
> At trial, Darrell Williams testified that on February 18, 2000, when he was 13 years of age, he, [Appellant,] and the deceased, were sitting inside the deceased's third floor apartment playing music and watching television. [Appellant] was playing with a .25 caliber handgun.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

After about one hour, [Appellant] asked the deceased if he had an audiotape of a group called The Lox. The deceased said that it was in his automobile which was parked outside the building. The deceased gave Mr. Williams the keys to his car and asked him to get the tape. Mr. Williams testified that he went downstairs and retrieved the tape from the car. As he was about to reenter the building, he heard what sounded like a gunshot coming from Mr. Copper's apartment. Mr. Williams proceeded into the building and as he approached the stairs to the third floor, he heard a second shot. He left the building and ran to a location across the street. He watched the building for more than five minutes from this vantage point. He saw [Appellant] exit the building with his hands in his pockets and looking left and right. Mr. Williams later gave a statement to police. He gave the tape and the car keys to the police.

Mr. Williams testified that during the time he was playing with the gun, [Appellant] told the deceased, "Stephon, you burnt me for that gun, it's cool though, it's cool." Mr. Williams testified that [Appellant] and the deceased did not argue in his presence. Mr. Williams testified that [Appellant] never pointed the gun at the deceased in his presence.

Joyce Robinson testified that she lived in a second floor apartment in the building. On February 18, 2000 at about 7:30 p.m., she heard a thumping noise coming from the hall. She opened her apartment door and saw [Appellant] at the door to the deceased's apartment.

Matrice Copper testified that she was the deceased's sister and shared the apartment with him. On February 18, 2000, at about 6:30 p.m. she was in her automobile when she observed [Appellant], the deceased and Mr. Williams pull up in another automobile. She returned to the building around 9 p.m. where she learned of the shooting. She went to the Homicide Division and returned home at approximately 2:30 the following morning. She

- 2 -

> discovered that approximately $300 which she had seen the deceased place under the mattress earlier on December 18 was missing.

> PCRA Court Opinion, 3/29/2018, at 2-4 (record citations omitted).

> [Appellant] was arrested and charged with numerous offenses related to the shooting. On July 12, 2001, at the conclusion of a bench trial, the trial court found [Appellant] guilty of first-degree murder, robbery, and PIC. That same day, the court sentenced [Appellant] to a term of life imprisonment for the murder conviction, a concurrent term of ten to 20 years' incarceration for the robbery conviction, and a concurrent term of two and one-half to five years] imprisonment for the PIC offense. On August 19, 2003, a panel of this Court affirmed his judgment of sentence, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on March 2, 2004.

*Commonwealth v. Johnson*, No. 554 EDA 2018, unpublished memorandum at 2-3 (Pa.Super. filed Feb. 21, 2019) (some internal citations omitted).

Thereafter, Appellant filed numerous unsuccessful PCRA petitions. Appellant filed the instant serial PCRA petition *pro se* on October 20, 2022. The PCRA court entered Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as untimely on February 9, 2024. On February 26, 2024, Appellant filed a *pro se* response to the notice along with a petition seeking to file an amended PCRA petition, to which the amended petition was attached. On March 22, 2024, the PCRA court entered an order dismissing the petition. This timely appeal followed.

Appellant raises one issue on appeal:

> Did the PCRA court [err] in failing to grant the petitioner leave to Amend his PCRA petition for the purpose of curing

deficiencies, as indicated within the PCRA court's 907 Notice of Intent to Dismiss?

(Appellant's Brief at 4).

Our standard of review of an order denying a PCRA petition is well settled:

> [We are] limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. We do not give the same deference, however, to the court's legal conclusions. Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts.

*Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 482, 218 A.3d 850 (2019) (citations and quotation marks omitted).

Appellant argues that the PCRA court erred when it denied his request for leave to amend his PCRA petition to cure the untimeliness of his petition. Appellant contends that he wanted to amend his petition to include a time-bar exception based on governmental interference as a result of the trial court's creation of an incorrect record. Appellant insists that during the bench trial the court considered "erroneous facts" as evidence of Appellant's guilt. Appellant concludes the court erred in dismissing his petition without granting him leave to amend on this ground, and this Court should grant relief. We disagree.

- 4 -

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Instantly, Appellant's judgment of sentence became final on or around May 31, 2004, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for Appellant to file a petition for *writ of certiorari* with the Supreme Court elapsed. ***See id.  See also*** U.S.Sup.Ct.R. 13 (providing 90 days to file petition for writ of *certiorari* with Supreme Court). Thus, Appellant had one year from that date to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the current PCRA petition on October 20, 2022, which is facially untimely.

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, a petitioner must allege and prove that at least one of the three following timeliness exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must assert his claim for relief "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

The governmental interference exception permits an otherwise untimely PCRA petition to be filed if it pleads and proves that the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

***Commonwealth v. Staton***, 646 Pa. 284, 293, 184 A.3d 949, 955 (2018) (internal citation omitted). "In other words, [the petitioner] is required to show that but for the interference of a government actor, he could not have filed his claim earlier." ***Id.***

To satisfy the "newly-discovered facts" timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa.Super. 2015), *appeal denied*, 633 Pa. 761, 125 A.3d 1197 (2015). Due diligence requires the petitioner to take reasonable steps

to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164 (Pa.Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Monaco***, 996 A.2d 1076 (Pa.Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011).

Finally, to satisfy the newly-recognized constitutional right exception under Section 9545(b)(1)(iii), the petitioner must plead and prove: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section," and "the right 'has been held' by 'that court' to apply retroactively." ***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa.Super. 2014) (citation and brackets omitted).

Here, Appellant asserted in his PCRA petition that the newly-recognized constitutional right exception applied, relying on ***Commonwealth v. Bradley***, 669 Pa. 107, 261 A.3d 381 (2021) (holding that PCRA petitioner may raise claims of PCRA counsel's ineffectiveness at first opportunity to do so, even if on appeal; requiring remand in some instances for PCRA court to evaluate such claims in first instance), to raise a claim of prior counsel's ineffectiveness. In his petition seeking to amend, Appellant attempted to invoke the governmental interference exception to the PCRA time-bar based on "perpetually recurring governmental interference" stemming from the trial court's finding of guilt despite what Appellant claims was exculpatory evidence

which should have established reasonable doubt. (*See* Appellant's Brief at 14). Appellant argues that in addition to the court's initial error in finding him guilty at trial, both the Commonwealth and this Court have perpetuated this error by failing to correct the "miscarriage of justice." (*Id.* at 13-14).

These claims merit no relief. Initially, we observe that this Court has repeatedly held that *Bradley* did not recognize a new constitutional right for purposes of the PCRA time-bar. *See, e.g., Commonwealth v. Johnson*, 296 A.3d 583 (Pa.Super. 2023) (unpublished memorandum) (stating "it is clear *Bradley* did not recognize a new constitutional right").[2] To the extent Appellant attempts to rely on *Bradley* to bypass the PCRA time-bar, we note that this Court has declined to extend the holding in *Bradley* to cases involving untimely or serial PCRA petitions. *See Commonwealth v. Mead*, 277 A.3d 1111 (Pa.Super. 2022) (unpublished memorandum), *appeal denied*, ___ Pa. ___, 284 A.3d 1182 (2022) (emphasizing that *Bradley* involved timely first PCRA petition and did not apply to appellant's appeal from order denying his untimely petition).

Further, Appellant's claim that the trial court and/or this Court made incorrect factual findings does not concern in any way his ability to file his claim earlier. Rather, Appellant is re-raising, years later, issues with the trial court's findings that Appellant could have challenged in earlier proceedings

---

[2] *See* Pa.R.A.P. 126(b) (stating this Court may cite to and rely on for persuasive value unpublished decisions of this Court filed after May 1, 2019).

including his direct appeal. Appellant simply does not assert any instance of governmental interference with Appellant's ability to file his post-conviction claim. *See Staton, supra*.

Finally, we conclude that the PCRA court did not err in declining to grant Appellant leave to amend his PCRA petition. Pennsylvania Rule of Criminal Procedure 905(A) provides that leave to amend a petition for post-conviction relief shall be freely allowed to achieve substantial justice. Pa.R.Crim.P. 905(A). *See also Commonwealth v. Crispell*, 648 Pa. 464, 483, 193 A.3d 919, 930 (2018) (requiring application of Rule 905(A) liberal standard for permitting "amendment of a pending, **timely-filed** post-conviction petition") (emphasis added). However, this Court has explained that "a court's decision to deny an untimely petition absent directing an amendment does not warrant reversal where the claim is record-based and our review indicates that the issue does not fall within a timeliness exception." *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013). Here, Appellant's petition was patently untimely, without any applicable exception to the PCRA time-bar demonstrated in the proffered amended petition. *See Crispell, supra*. Thus, the PCRA court did not err when it denied Appellant's PCRA petition as untimely without granting Appellant leave to file an amended petition in order to assert an inapplicable exception to the time-bar. *See Zeigler, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>1/28/2025</u>